38 F.3d 1213
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 REEDY RIVER VENTURES LIMITED PARTNERSHIP, Plaintiff-Appellee,
v.
SYNOPTICS COMMUNICATIONS, INCORPORATED, Defendant-Appellant.
 No. 93-1636.
 United States Court of Appeals, Fourth Circuit.
 Submitted January 13, 1994.
 Decided October 14, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CA-92-863-6-20)
 Jack H. Tedards, Jr., Sandra L.W. Miller, Leatherwood, Walker, Todd, & Mann, P.C., Greenville, South Carolina, for appellant.
 William D. Herlong, Wyche, Burgess, Freeman & Parham, P.A., Greenville, South Carolina, for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and MICHAEL, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 SynOptics Communication, Inc. ("SynOptics"), appeals from the district court's order granting summary judgment in favor of Reedy River Ventures Limited Partnership ("Reedy River") on Reedy River's conversion action. SynOptics argues that Reedy River lost all equitable and possessory interests in the disputed equipment when it failed to perfect its security interest in the equipment after the material was removed from South Carolina to California. SynOptics also argues that the district court erred in assessing damages without making an explicit finding of fact. Because the debtor declared bankruptcy during the perfection period, Reedy River maintained a perfected security interest in the equipment. In addition, the pleadings demonstrate that there was no genuine issue as to the amount of damages. Accordingly, we affirm.
 
 I.
 
 2
 MaCo Networks, Inc. ("MaCo"), borrowed $122,500 from Reedy River. The loan was secured by a security interest in, among other things, MaCo's inventory. Reedy River properly filed and perfected the security agreement in South Carolina. MaCo failed to pay the promissory note when it became due.
 
 
 3
 After failing to meet its accounts payable, MaCo shipped to SynOptics a portion of its inventory. Upon receiving the equipment, SynOptics issued a credit of $90,086.75 against its account receivables for MaCo. On December 14, 1990, MaCo filed bankruptcy. The bankruptcy trustee abandoned the equipment in inventory to Reedy River in light of Reedy River's security interest.* Upon learning that MaCo had shipped the equipment to SynOptics in California, Reedy River requested that SynOptics return it. SynOptics refused. Reedy River filed suit for conversion, alleging that SynOptic's failure to surrender the inventory deprived Reedy River of its legal right to the equipment.
 
 
 4
 The district court granted summary judgment in favor of Reedy River, holding that the four-month filing requirement was tolled by MaCo's bankruptcy proceedings. SynOptics timely appeals.
 
 II.
 
 5
 SynOptics argues that Reedy River's security interest became unperfected when it failed to file a financing statement in California after the material was removed from South Carolina to California. Accordingly, SynOptics argues that Reedy River lost all equitable and possessory interests in the disputed equipment. We disagree.
 
 
 6
 Although Reedy River never filed a financing statement in California pursuant to Cal. Com.Code Sec. 9-103(1)(d) (West 1993), the filing of MaCo's bankruptcy petition tolled the period within which Reedy River was required to perfect its security interest in California. See General Elec. Co. v. Halmar Distrs., Inc. (In re Halmar Distributors, Inc.), 968 F.2d 121, 128 (1st Cir.1992). Section 9-403(2) of the California Commercial Code reads, in pertinent part:
 
 
 7
 If a security interest perfected by filing exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of 60 days....
 
 
 8
 Cal. Com.Code Sec. 9-403(2) (West 1993). Since Reedy River's security interest in the equipment was perfected pursuant to Sec. 9-103(1)(d)(i) in California at the time MaCo declared bankruptcy, the interest remained perfected by virtue of Sec. 9-403(2) in spite of Reedy River's failure to file a financing statement in California. Halmar, 968 F.2d at 128; see also 2 James White & Robert Summers, Uniform Commercial Code, Sec. 24-21, at 396 (3d ed.1988) ("debtor's bankruptcy within the four month period will have the same effect as though the [creditor] had perfected its security interest by filing in the new state.") Accordingly, we affirm the district court's grant of summary judgment in favor of Reedy River.
 
 III.
 
 9
 SynOptics also argues that summary judgment on the amount of damages was inappropriate, asserting that "the absence of any reference in the Order to the damages issue makes it virtually impossible to determine how the District Court arrived at its decision to enter judgment for $90,086.75."
 
 
 10
 Findings of fact and conclusions of law are not required in decisions of summary judgment motions. See Fed.R.Civ.P. 52(a). We find that there was no genuine issue as to the amount of damages. Reedy River moved for summary judgment specifically in the amount of $90,086.75, which it described in its motion as the value of the equipment at the time of the conversion. In addition, River Reedy attached a copy of the credit memo issued by SynOptics. SynOptics did not question the amount of damages asserted although the matter was discussed, albeit briefly, at the motion hearing. Finally, SynOptics failed to present any evidence that would demonstrate a genuine issue of material fact as to damages. Because the pleadings demonstrated that there was no genuine issue as to the amount of damages, the district court properly granted summary judgment on damages in the amount of $90,086.75. Accordingly, Reedy River was entitled to a judgment as a matter of law. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 11
 Because Reedy River maintained a perfected security interest in the equipment and because the district court correctly assessed $90,086.75 in damages, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 SynOptics never filed a claim in the bankruptcy court as MaCo's creditor